CRAIN, Judge.
This is an appeal of a decision reforming a partition agreement.
FACTS
Otis Felder died intestate on April 7, 1958. The decedent was survived by his wife, Sadie Hatchell Felder and three children, Sidney A. Felder, Hatchell R. Felder and Thelma Felder Peak. This left the widow, Sadie Hatchell Felder owning lk of the property in indivisión with a usufruct over the remaining half, and the children owning one-half of the property in indivi-sión or one-sixth of the property each in indivisión. Sidney Felder desired to build a house on a portion of the property and requested a partition of part of the succession property. He hired a surveyor to survey and divide this particular part of the property into three equal portions and hired an attorney to draw up a partition agreement. Sidney transported his mother and two siblings to the attorneys office and the partition agreement was executed on January 19, 1963. The part partitioned consisted of three lots. By the terms of the agreement Sidney received lot number three, an unimproved lot, and relinquished all interest in the remaining two lots which contained the family house.
Sadie Hatchell Felder died in 1978. Her succession was opened in 1985 and the plaintiffs discovered that the defendant had an interest in the two lots as an heir of Sadie Hatchell Felder. The plaintiffs/ap-pellees requested that the trial court reform the partition agreement to provide for a transfer of ownership of lots 1 and 2 to Hatchell R. Felder and Thelma Felder Peak, not only from Sidney Felder, but also from Sadie Felder, or that the partition agreement be rescinded. All evidence presented by the plaintiffs/appellees was to this effect. The trial court found that the partition agreement did not represent the agreement of the parties and ordered a reformation of the agreement to provide that Thelma Felder Peak and Hatchell R. Felder had received full ownership jointly of lots 1 and 2, subject to a usufruct in favor of Sadie Hatchell Felder.
The primary issue for review is whether the trial court erred when it reformed the 1963 partition agreement.
The partition agreement is clear and unambiguous. It purports to give Sidney Felder full and complete ownership of lot three, which it does in unequivocal terms by providing that Sidney Felder receive a “full and complete title” to the property from Sadie Felder, Thelma Peak and Hatc-hell Felder. In return Sidney Felder transferred all his interest in lots 1 and 2 to *517 Sadie Felder, Thelma Peak and Hatchell Felder. The result of the partition agreement is to leave Sadie, Thelma and Hatchell as joint owners of Lots 1 and 2, and to leave Sadie with a usufruct over the interest of Thelma and Hatchell. Nowhere in the agreement does Sadie transfer her interest to Thelma and Hatchell. Consequently, in order to determine that Sadie did not retain an interest in Lots 1 and 2 it would be necessary to reform the partition to provide for a transfer of the property from Sadie to Thelma and Hatchell. Even if this could be accomplished legally, which we do not decide, the evidence presented falls far short of the proof necessary to reform the agreement.
According to Campo v. Lanasa, 173 So.2d 365 (La.App. 4th Cir.1964), writ denied 247 La. 874, 175 So.2d 109 (1965):
When parties reduce their contracts to writing and the writing exhibits no uncertainty or ambiguity as to the nature, the object, and the extent of the agreement, it is presumed that the writing expresses the true and complete undertaking of the parties. Equity may reform even unambiguous contracts on their face upon a showing that, through fraud or error, the written instrument has been made to express a different purpose from that which the parties had agreed on and had intended to embody therein; but to warrant relief, there must be clear proof of the error in committing it to writing.... Courts should exercise great caution and require a high degree of proof.
173 So.2d 365 at 369. (citations omitted, emphasis supplied).
The record reflects that of the four parties to the partition agreement Sadie Felder is dead and Sidney Felder is critically ill and unable to testify. The two parties who did testify were unclear by what means the property was to be transferred to them by Sadie. Even if the testimony could survive application of La.R.S. 13:3721, which prohibits proof by parol evidence of liabilities of a deceased more than a year after the death, the evidence clearly does not meet the high standards for reformation of an agreement that is in writing and clear and unambiguous.
Consequently, we hold the trial court was in error in holding the evidence presented sufficient to reform the partition. We do not find sufficient reason to reform or void the partition. Because of our holding, it is unnecessary to consider the remaining assignments of error.
DECREE
The judgment of the trial court is reversed and the original partition agreement is reinstated as written. Appellees are assessed with all costs of this proceeding.
REVERSED AND RENDERED.